IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00810-FL

| | |
|---|---|
| ARTHUR O. ARMSTRONG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROY COOPER, et al., )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon a pro se complaint filed by Plaintiff (DE-1), referred to the undersigned for frivolity review. Plaintiff's persistent filing of frivolous documents compelled this Court to enter a standing order to curtail his repeated litigation abuses without unduly restricting his access to the Court. *See* In re Armstrong, No. 5:03-CV-941, 2006 WL 3408237, at *3 (E.D.N.C. Jan. 18, 2006), *aff'd*, No. 06-1191 (4th Cir. April 20, 2006) and Armstrong v. Easley, No. 5:06-CV-495-D (E.D.N.C. Dec. 12, 2006), *aff'd*, No. 07-1045 (4th Cir. May 3, 2007).[1] Under the January 18, 2006 pre-filing injunction, any complaint filed by Plaintiff "must specifically identify the law(s) which plaintiff alleges was (were) violated and must allege all facts with specificity." The pre-filing injunction also requires the Court to determine whether the complaint is "repetitious and/or frivolous."

In his instant complaint, Plaintiff alleges that on July 2, 2011, defendants conspired to violate his constitutional rights when they

> without probable cause, stopped, assaulted and detained [him], made an entry, without a warrant onto private areas of personal premises of the plaintiff, searched

---

1. On March 29, 2013, Judge Fox issued a more restrictive superseding pre-filing injunction against Mr. Armstrong. *See* Armstrong v. Woodard, No. 5:12-cv-805-F, Superseding Permanent Injunction, DE-26. However, as Plaintiff initiated this action on December 17, 2012, the superseding pre-filing injunction issued by Judge Fox on March 29th does not apply to the instant complaint (although it will apply to any further filings submitted by Plaintiff in this case).

and seized his property and invaded his privacy in violation of the 4th Amendment to the Constitution of the United States. Then [Defendants] made DWLR and no insurance false reports and other conduct amounting to official discrimination clearly sufficient to constitute denial of rights protected by the Equal Protection Clause in violation of the 14th Amendment to the Constitution of the United States. Then [Defendants] arrested the plaintiff [and] placed him under a $1,000.00 bond.

Compl. 3-4, DE-1. Plaintiff seeks thirty-five million dollars ($35,000,000.00) in damages. The undersigned concludes that Plaintiff's complaint is frivolous and should be dismissed.

A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. This Court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, *id.*; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts setting forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). *See*

2

*also* Brown v. EEOC, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006) ("[W]hile the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel.").

Here, Plaintiff fails to allege all facts with specificity as required by the pre-filing injunction. To establish a civil conspiracy, a plaintiff must show "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. *See id.* at 421-23; *see also* Ruttenberg v. Jones, 283 F. App'x 121, 132 (4th Cir. 2008) (affirming the district court's dismissal of a civil conspiracy claim because *Twombly* requires a "plausible suggestion of conspiracy"). Rather, a plaintiff must "plead facts that would 'reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understand to try to accomplish a common and unlawful plan.'" Ruttenberg, 283 F. App'x at 132 (quoting Hinkle, 81 F.3d at 421). The instant complaint includes no facts which would allow Plaintiff to plausibly allege a "meeting of the minds" between any defendants. *Cf.* Iqbal, 556 U.S. at 677-80; Twombly, 550 U.S. at 555-56. Thus, he fails to state a claim of conspiracy. Instead, Plaintiff's present allegations are identical to those previously rejected as frivolous by this Court. *See, e.g.*, Armstrong v. Woodard, No. 5:12-CV-807-F (E.D.N.C. Feb. 28, 2013); Armstrong v. Nash County, No. 5:08-CV-633-BR (E.D.N.C. Feb. 10, 2009); Armstrong v. County of Wilson, No. 5:08-634-BR (E.D.N.C. March 6, 2009).

Thus, in accordance with the pre-filing injunction, the undersigned RECOMMENDS the following:

(1) That Plaintiff's complaint be DISMISSED;

(2) That Plaintiff be SANCTIONED $350.00 (the amount of the filing fee); and

(3) That an appeal from this order would be frivolous.

*See, e.g.*, Armstrong v. Purdue, No. 5:11-CV-73-FL (E.D.N.C. Sept. 7, 2011) (dismissal order

3

comparable to that recommended also based on pre-filing injunction).

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, April 15, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE